IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH LLOYD JAMES,

Defendant.

8:18CR333

**ORDER**

This matter is before the Court on Defendant's Motion for a Complex Case Designation and to Exclude Time Under the Speedy Trial Act. (Filing No. 50.) This motion has been fully briefed and is now ripe for disposition.

Defendant's motion requests that this case be given a complex case designation. The motion indicates the government does not object to the complex case designation, which the government confirmed to the Court in an in-chambers conference held on February 28, 2019, as well as is its response brief (Filing No. 59).

Defendant's motion also requests that the Court give him until September 4, 2019 to prepare and submit mitigation evidence to the United States Attorney. The motion further asks that the Court order the United States Attorney to wait to submit his recommendation and accompanying paperwork regarding the death penalty to the Assistant Attorney General for the Criminal Division of the Department of Justice until the government receives Defendant's mitigation evidence.[1] Defendant argues that doing so will allow the Capital Review Committee to have all necessary information when making its decision regarding whether the death penalty will be sought. The government objects to this portion of Defendant's motion.

---

[1] During the in-chambers conference, the government told the Court it has already submitted its initial notice to the Capital Case Section of the Department of Justice, which is the first step that must be taken in cases in which the death penalty may be sought.

For the reasons explained below, Defendant's motion ([Filing No. 50](#)) will be granted in part and denied in part.

**BACKGROUND**

On November 20, 2018, Defendant was charged by a Complaint with Arson in Indian Country. ([Filing No. 1](#).) On December 11, 2018, Defendant was indicted on Arson in Indian Country. ([Filing No. 24](#).) On February 21, 2019, a Superseding Indictment was filed against Defendant charging him with Murder in Indian Country, Felony Murder in Indian Country, Kidnapping Resulting in Death and Carjacking Resulting in Death. ([Filing No. 47](#).) Defendant was arraigned on the Superseding Indictment on February 28, 2019.[2]

### 1. Complex Case Designation

The parties agree that this case should be designated as complex. Defendant waived his speedy trial rights, on the record, on February 28, 2019 during his arraignment on the Superseding Indictment. The Court finds from the representations by counsel for the parties that this case is so unusual and complex due to the nature of the prosecution, the existence of novel questions of fact and law, and the amount of discovery, it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. 3161(h)(7)(B)(ii).

The government shall have until April 12, 2019 in which to accomplish discovery provided for in Rule 16, Fed. R. Crim. P., and shall adhere to the continuing duty to disclose such matters pursuant to Rule 16(c), Fed. R. Crim. P. If after compliance with Rule 16 there is necessity for the filing of pretrial motions, they shall be filed by September 25, 2019.

---

[2] No progression order has been entered in this case due to the instant motion because the parties requested that the Court rule on all issues in one order. Therefore, the government has not been given a date to provide discovery to Defendant. Defendant, in his reply brief, has indicated that discovery is still coming in and there have been some problems with the discovery.

## 2. Request for Time to Submit Mitigation Evidence

Defendant is requesting six months to submit his mitigation evidence to the United States Attorney. The rules applicable to this issue are the Department of Justice Manual regarding the death penalty and the CJA Guidelines for Death Penalty Cases. The DOJ protocols § 9-10.010 through 9-10.200 set forth the policies and procedures for all federal cases in which a defendant is charged, or could be charged, with an offense subject to the death penalty. Section 9-10.030 provides that the overriding goal of the review process is to allow proper individualized consideration of the appropriate factors relevant to each case. Section 9-10.080, which pertains to non-expedited decisions, is the section specifically applicable to this case. This provision provides:

> In any case in which the United States Attorney or Assistant Attorney General is contemplating requesting authorization to seek the death penalty or otherwise believes it would be useful to the decision-making process to receive a submission from defense counsel, the United States Attorney or Assistant Attorney General <u>shall</u> give counsel for the defendant a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty.

Section 9-10.080 goes on to say:

> After the conclusion of a reasonable period of time, the United States Attorney or Assistant Attorney General shall submit to the Assistant Attorney General for the Criminal Division through the Capital Case Section his or her recommendation whether to seek the death penalty, along with the materials described below. . . . . <u>Materials provided by defense counsel</u>. Any documents or materials provided by defense counsel to the United States Attorney or Assistant Attorney General in the course of the United States Attorney's Office's or Department component's death penalty review process should be provided. . . . . .

Section 9-10.130 explains the role of the Capital Review Committee:

> . . . a Capital Case Section attorney will confer with representatives of the United States Attorney's Office or Department component to establish a date and time for the Capital Review Committee to meet with defense counsel and representatives of the United States Attorney's Office or

> Department component to consider the case. . . . <u>No final decision</u> to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation.

Section 9-10.140 provides the standards used for determining whether to seek the death penalty in a case:

> In determining whether it is appropriate to seek the death penalty, the United States Attorney or Assistant Attorney General, the Capital Review Committee, the Deputy Attorney General, and the Attorney General will determine whether the applicable statutory aggravating factors and any non-statutory aggravating factors sufficiently outweigh the applicable mitigating factors to justify a sentence of death or, in the absence of any mitigating factors, whether the aggravating factors themselves are sufficient to justify a sentence of death. Reviewers are to resolve ambiguity as to the presence or strength of aggravating or mitigating factors <u>in favor of the defendant</u>. The analysis employed in weighing the aggravating and mitigating factors should be qualitative, not quantitative: a sufficiently strong aggravating factor may outweigh several mitigating factors, and a <u>sufficiently strong mitigating factor may outweigh several aggravating factors</u>. Reviewers may accord weak aggravating or mitigating factors little or no weight. Finally, there must be substantial, admissible, and reliable evidence of the aggravating factors.

The DOJ protocols clearly provide that the United States Attorney shall give counsel for the defendant a reasonable opportunity to present information for the consideration by the United States Attorney for which may bear on the decision whether to seek the death penalty. The DOJ protocols further provide that no final decision can be made to seek the death penalty until the defendant has been given the opportunity to present evidence and argument in mitigation. The DOJ standards used for determining whether to seek the death penalty provide that the reviewers are to resolve ambiguity as to the presence or strength of aggravating or mitigating factors in favor of the defendant. The standards also provide that a sufficiently strong mitigating factor may outweigh several aggravating factors. The DOJ protocols provide that the overriding goal of the review process is to allow proper individualized consideration of the appropriate factors relevant to each case. *See* § 9-10.030. If the Review Committee does not have a defendant's mitigation evidence, then it cannot consider all of the appropriate factors relevant to each case. Therefore, a defendant must have time to investigate and gather mitigation information.

Here, Defendant is asking for six months to gather mitigation evidence and submit it to the United States Attorney.[3] Due to the charges involved, Defendant's age and history, and the complexity of this case, this Court cannot find that six months is an unreasonable time period for Defendant to gather mitigation evidence. Moreover, courts have allowed much longer periods of time. *See* [United States v. McGill, No. 09cr2856, 2010 WL 1571200 (S.D. Cal. Apr. 16, 2010)](#) (giving the defendant 12 months to complete mitigation investigation); [United States v. Savage, No. 07-550-06, 2011 WL 6747479 (E.D. Pa. Dec. 23, 2011)](#) (finding that the defendant had 12 months to complete mitigation investigation prior to trial, and noting that the evidence presented indicated the average time between indictment and defense presentation to the Capital Review Committee is 12.2. months). Therefore, the Court will give Defendant until September 4, 2019, to obtain mitigation evidence.

Defendant is further asking the Court to direct when the government can submit its packet of information to the Capital Review Committee and also requesting that the Court direct the government to wait to submit its paperwork until it has received Defendant's mitigation evidence.[4] Defendant argues that for the Court to do otherwise would violate his Eighth Amendment rights and would deny him due process of law. The government contends, however, that Defendant does not have a recognizable right in the DOJ death penalty protocols. Therefore, according to the government, the Court cannot order and/or control when the government and/or Defendant submits information to the Department of Justice. The Court agrees with the government.

The Eighth Circuit Court of Appeals in [United States v. Lee, 274 F.3d 485 (8th Cir. 2001)](#) found that the federal death penalty protocol does not create substantive or procedural rights

---

[3] The government contends that six months is too long. One of the concerns the government has is that one of the witnesses, the victim's mother, is 86 years old. The government is concerned about what such a long delay may have on this witness. Defendant has offered that, as to this witness, he would agree that her deposition could be taken. ([Filing No. 80](#).) According to Defendant's reply brief, the government has not responded to this offer. It seems, however, that Defendant's proposal would address the government's concern about this witness.

[4] Defendant's reply indicates that Defendant's counsel recently received a letter from the United States Attorney indicating he would like to afford Defendant an opportunity to meet with him and provide any views Defendant wishes him to consider. The United States Attorney instructed that the information needs to be provided to him by April 5, 2019.

enforceable by individuals. In doing so, the Eighth Circuit noted that the DOJ Manual, which contains the death penalty protocol, "expressly states that it does not create substantive or procedural rights enforceable by others or limit the DOJ's lawful 'prerogatives.'" *Id*. at 493. The court noted that that the Manual, which states that "it is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party," puts criminal suspects and defendants on notice that they lack enforceable rights in DOJ policies and procedures. *Id*. Although *Lee* dealt with a request for a new sentencing phase trial based on violations by the government in the death penalty protocol, this case nevertheless is applicable to the case at hand. Thus, Defendant has no substantive or procedural right to dictate when the government can submit its documents to the Capital Review Committee.

Defendant argues, however, that this Court can nevertheless grant his request because the Court has the inherent power to manage its docket. Therefore, the Court can set the deadlines and schedule Defendant is requesting. Although some courts have approved such a practice, the Court declines to do so and instead sides with those courts that have rejected such a procedure. *Compare United States v. McGill,* No. 09cr2856, 2010 WL 1571200 (S.D. Cal. Apr. 15, 2010), *with United States v. Hardrick,* No. 10–202, 2011 WL 2516340 (E.D. La. June 22, 2011); *United States v. Jackson,* No. 04–801, 2006 WL 59559 (S.D.N.Y. Jan. 9, 2006); *United States v. Slone,* 969 F. Supp.2d 830 (E.D. Ken. 2013); *United States. v. Tsarnaev*, No. 13-10200, 2013 WL 5701582 (D. Mass. 2013).

Defendant is asking the Court to set dates for events occurring, not in the course of the judicial proceeding, but rather in the course of the Department of Justice's internal deliberations. This is well-beyond the scope of the Court's inherent authority to manage judicial business. Judicial interference with the DOJ protocols would violate the Constitution's separation of powers. If the Court were to grant Defendant's request, it would essentially be directing the Executive Branch how to exercise its traditional prosecutorial discretion, which includes the decision whether to seek the death penalty. Thus, the Court finds it may not enter an order dictating when the government may submit its death penalty request information to the Department of Justice.

The Court will note that the CJA guidelines provide that courts should establish a schedule for resolution of whether the government will seek the death penalty. The guidelines suggest the schedule should include:

> (1) the submission by the defendant to the U.S. attorney of any reasons why the government should not seek the death penalty;
>
> (2) the submission by the U.S. attorney to the appropriate officials of the DOJ of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and
>
> (3) filing of a notice under 18 U.S.C. § 3593(a) that the government will seek the death penalty, or notification to the court and the defendant that it will not.

*See Guide to Judiciary Policy, Vol. 7A, Ch. 6 § 670.* The CJA Guidelines suggest that the Court should first set a date for Defendant to get documents to the United States Attorney and then set a date for when the government should submit documents to Assistant Attorney General. This is exactly what Defendant is asking the Court to do. However, the guidelines are not binding on the Court and, based on the findings above, this does not change this Court's lack of authority to order the United States Attorney to follow this procedure or enter an order for the government to do so.[5]

The Court does find, however, that it can order when the government most notify the Court whether it will be seeking the death penalty. This is an event that affects the progression of the case and is within the Court's authority. The Court finds that the government must file a notice of intention to seek the death penalty or a notice to the Court and Defendant that it will not seek the death penalty no later than January 6, 2020.

---

[5] It seems that these CJA guidelines, along with the DOJ protocols, were developed to contain costs and encourage efficient resolution of the death penalty issue. Given this, it seems it would be more efficient for the United States Attorney to work with Defendant to submit one packet of information. Again, the Capital Review Committee cannot render a final decision until Defendant is afforded an opportunity to present evidence and argument in mitigation. Moreover, per the rules, if the death penalty is approved without Defendant fully presenting mitigation information, Defendant can request the withdrawal of the notice of intention to seek the death penalty. This would require that the committee that made the original decision approving the death penalty request to be re-convened to hear any evidence it previously did not consider, which would necessitate a stay of this case and a delay of the trial until the Committee makes a decision on the request. A delay in the proceedings is exactly what the government says it does not want.

**IT IS ORDERED:**

1. This matter is designated as complex and the government shall have until April 12, 2019 in which to accomplish discovery provided for in Rule 16, Fed. R. Crim. P., and shall adhere to the continuing duty to disclose such matters pursuant to Rule 16(c), Fed. R. Crim. P. If after compliance with Rule 16 there is necessity for the filing of pretrial motions, they shall be filed by September 25, 2019.
2. Defendant shall have until September 4, 2019, to obtain mitigation evidence.
3. Defendant has waived his speedy trial rights and the ends of justice have been served by granting Defendant's request to have until September 4, 2019 to gather mitigation evidence and finding this case is complex and giving Defendant until September 25 to file any pretrial motions. Such requests outweighs the interests of the public and Defendant in a speedy trial. The additional time arising as a result of the granting of the motion, *i.e.*, from April 4, 2019, through September 25, 2019, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act for the reason counsel require additional time to adequately prepare the case, taking into consideration due diligence of counsel, and the novelty and complexity of this case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. 3161(h)(7)(A) & (B).
4. Defendant's request for the Court to direct when the government can submit its packet of information to the Department of Justice and also direct the government to wait to submit its paperwork until it has received Defendant's mitigation evidence is denied.
5. The Court will hold a status conference with the parties on September 18, 2019, at 10:00 a.m. in Courtroom No. 7. Defendant shall be present for the hearing, unless defense counsel files a written waiver of appearance.

Dated this 4th day of April, 2019.

                                          BY THE COURT:

                                          s/ Susan M. Bazis
                                          United States Magistrate Judge